IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

KENNETH HUNT                                                                                              PLAINTIFF

v.                                              No. 2:12CV00157 JLH

WILLIAM R. WILSON, JR., in his
individual and official capacity; and
ELTON A. RIEVES, III, in his
individual and official capacity                                                                    DEFENDANTS

## ORDER

Kenneth Hunt commenced this action against William R. Wilson, Jr., and Elton A. Rieves, III, pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed. 2d 619 (1971). Upon determining that the action was plainly frivolous and that the claims against Judge Wilson were barred by judicial immunity, the Court dismissed Hunt's complaint. *See* Document #5. Hunt has now filed a motion asking the undersigned judge to recuse because "[t]he personal [b]ias and prejudice that Judge Holmes has shown thus far casts doubts on his impartiality." Document #7.

"The court's demeanor and rulings in earlier phases of the same case may provide a basis for a claim of error, but they do not provide a basis for disqualification." *United States v. Anderson*, 433 F.2d 856, 860 (8th Cir. 1970) ("The law is that a court's ruling on a question of law does not show the personal bias required for disqualification."). Hunt, however, bases his motion for recusal on the fact that the Court "is sitting in judgment over his fellow Judge[.]" It may well be that a judge should recuse from an action brought against a judge on the same court; especially where both judges work in the same courthouse and, consequently, have occasion for personal interaction. However, " '[r]eview of a complaint against a judicial colleague where the litigation is patently frivolous or judicial immunity is plainly applicable will not ordinarily give rise to a reasonable basis to question

the assigned judge's impartiality, and disqualification would rarely be appropriate.' " *Cuyler v. U.S. Dist. Court*, No. 6:11CV1225, 2011 WL 5525935, at *3 (M.D. Fla. Nov. 14, 2011) (quotation omitted); *see also Swan v. Barbadoro*, 520 F.3d 24, 26 (1st Cir. 2008) ("But the patently frivolous claims presented leave no room for any rational person to imagine that any bias could underlie an affirmance.").

Here, the Court found that Hunt's claims against Judge Wilson were plainly frivolous and barred by judicial immunity. *See* Document #5. Therefore, recusal is not appropriate. This conclusion is supported by the "countervailing concern 'to prevent parties from too easily obtaining the disqualification of a judge, thereby potentially manipulating the system for strategic reasons[.]' " *Swan*, 520 F.3d at 26 (quoting *In re Allied-Signal Inc.*, 891 F.2d 967, 970 (1st Cir. 1989)).

Hunt's motion for recusal is DENIED. Document #7.

IT IS SO ORDERED this 21st day of August, 2012.

J. LEON HOLMES
UNITED STATES DISTRICT JUDGE